Shao v. Holder
BIA
Burr, IJ
A099 532 856

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

PRESENT:
  JOHN M. WALKER, JR.,
  ROBERT A. KATZMANN,
  BARRINGTON D. PARKER,
    *Circuit Judges*.

_____

DE GOU SHAO, AKA DE GUI SHAO,
    *Petitioner*,

  v.                                    11-2918
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim,
                         New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Lyle D. Jentzer, Senior
                         Litigation Counsel; Paul F. Stone,
                         Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

De Gou Shao, a native and citizen of the People's Republic of China, seeks review of a June 23, 2011, order of the BIA affirming the August 27, 2009, decision of Immigration Judge ("IJ") Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand. *In re De Gou Shao*, No. A099 532 856 (B.I.A. June 23, 2011), *aff'g* No. A099 532 856 (Immig. Ct. N.Y. City Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

The only issues before us are the agency's finding regarding asylum based on other resistance to China's coercive population control program and Shao's fear of sterilization, and Shao's motion to remand.

**I. Asylum**

In order to qualify for asylum relief, Shao must show "other resistance to a coercive population control program," and must show that as a result of that resistance, he was persecuted. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Economic harm may constitute persecution; however, "an applicant for asylum must demonstrate a severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007)(internal quotation mark omitted). Here, the

3

agency properly addressed the cumulative harassment described by Shao, and reasonably found that it was insufficiently severe to constitute persecution. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Shao presented no evidence to suggest that the one fine he was forced to pay caused him severe economic disadvantage, nor did he present any evidence indicating that he suffered harm from the phone calls and threats he received from family planning officials.

Because the agency reasonably concluded that Shao did not suffer past persecution, he is not entitled to a presumption of future persecution based on his claim of other resistance to the coercive population control program. *See* 8 C.F.R. § 1208.13(b)(1). Shao also claims a well-founded fear of future sterilization because he has one child, and would like to have a second child. However, the agency did not err in finding that Shao's claim was too speculative to establish an objectively reasonable fear of sterilization. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam); *cf*. *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 135-36 (2d Cir. 2006).

4

## II. Motion to Remand

This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156-57 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam) (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)). A motion to remand may be denied when the movant fails to provide new, previously unavailable evidence of his *prima facie* eligibility for the relief sought. *See Li Yong Cao*, 421 F.3d at 156-57. In this case, the BIA did not abuse its discretion in denying Shao's motion to remand based on his failure to establish his *prima facie* eligibility for relief because he did not present any evidence to show that the Chinese government was aware, or likely to become aware, of his conversion to Christianity, or that it would seek to persecute him on that basis. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

5

Shao further asserts that the BIA erred in concluding that there was no pattern or practice of persecution of Christians in China.  *See* 8 C.F.R. § 1208.16(b)(2)(i) (providing that an applicant shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).  However, the BIA's conclusion is supported by substantial evidence in the record and provides a sufficient basis for finding no pattern or practice of persecution of Christians in China.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6